**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**Anthony John Nicoloff,**

     **Plaintiff,**

**vs.**                                                                                      **Civil No. 09-868 MCA/RLP**

**Michael J. Astrue, Commissioner of the**
**Social Security Administration.**

### Magistrate Judge's Analysis and Recommended Disposition[1]

**THIS MATTER** comes before the Court *sua sponte*.

**I.     Factual background**

On December 4, 2009, this Court entered an Order Setting Briefing Schedule. (Docket No. 13). Pursuant to that Order, Plaintiff was to file his Motion to Reverse or Remand Agency Decision on or before February 2, 2010. On January 13, 2010, Plaintiff's attorney moved to withdraw from this case. (Docket No. 14). This motion was granted on January 15, 2010. (Docket No. 15). Accordingly, Plaintiff is proceeding in this action *pro se.*

Plaintiff did not file a Motion to reverse or remand, nor did he move for an extension of time to do to. Accordingly, on February 10, 2010, this court entered its Order to Show Cause, directing Plaintiff to file his Motion to Reverse or Remand Administrative Decision, or to show good cause for his failure to do so. Plaintiff was given twenty-one (21) days, until March 3, 2010, to comply with the Order to Show Cause. (Docket No. 16). Plaintiff has failed to respond.

---

[1]Pursuant to 28 U.S.C. §636 (b)(1), withing fourteen [14] days being served with a copy of this Analysis and Recommended Disposition, either party may file written objections to such proposed analysis and recommendation. A party must file any objection withing the fourteen [14] day period if that party seeks appellate review of the analysis and recommendation. Failure to timely file objection with the court will be deemed a waiver of appellate review. **Hill v. SmithKline Beecham Corp.**, 393 F.3d 1111, 1114 (10th Cir. 2004).

## II.     Legal Analysis

Where a plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally.  **Hall v. Doering**, 997 F. Supp. 1451 (D. Kan. 1998) (**citing Hughes v. Rowe**, 449 U.S. 5, 9 (1980)).  However, a plaintiff's *pro se* status does not relieve him from complying with this court's procedural requirements.  **Barnes v. United States**, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); **see also Santistevan v. Colo. Sch. of Mines**, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants).

A court has the inherent power to dismiss an action for failure to prosecute in order to achieve an orderly and expeditious resolution of cases. **Link v. Wabash Railroad Co.**, 370 U.S. 626, 630-631 (1962). Plaintiff's failure to comply with the Court's Orders and procedural rules should, in the exercise of the Court's discretion, be adequate grounds for dismissal of the instant action without prejudice due to Plaintiff's failure to prosecute his action.

## III.    Recommended Disposition

For these reasons, I recommend that Plaintiff's Complaint be Dismissed without Prejudice.

                                              Richard L. Puglisi
                                       Chief United States Magistrate Judge